36

Margaret E. Schroeder
et al.
vs.      Eq.No.3938
Mary E. Murray et al.

December 11, 1917

TANNER, P. J. This is a bill in equity and is heard upon demurrer to the bill.

The bill seeks to establish a trust as to certain real and personal property conveyed during her lifetime, in short a few days before her death, to the respondent Mary E. Murray by one Sarah Corcoran.

The complainants' right to a trust is based upon a written agreement in which it is stated they are the heirs-at-law and legal distributees, of one John Corcoran, husband of said Sarah Corcoran; that whereas said heirs-at-law of said Corcoran were willing that said Sarah Corcoran should take and use during her lifetime the interest of said complainants in the real and personal estate of said John Corcoran, it was agreed between said Sarah Corcoran and said complainants that in consideration of said use by said Sarah Corcoran of said complainants' interest in the estate of said John Corcoran, she would permit to stand unchanged and unrevoked the will heretofore made by her in which said complainants were named as her legatees and devisees, and in said will the said complainants were the sole legatees and devisees of said Sarah Corcoran.

We think said agreement does imply that said Sarah Corcoran should not dispose of more than her life estate in said property received from her husband and that a trust is imposed upon said property by virtue of said agreement as against said Mary E. Murray, who took the conveyance of said property just before the death of said Sarah Corcoran.

37

We think that the bill is somewhat faulty in some of the allegations as pointed out in the respondents' brief. It is, perhaps, to be inferred that the real estate of which Sarah Corcoran is said to have the fee came in some way from the estate of John Corcoran and that the complainants had some interest in it as heirs of said John Corcoran, but this is not distinctly stated.

The allegation that the mortgage made by John Corcoran in the hands of the mortgagee was part of the estate of John Corcoran is evidently an inaccurate statement.

We think it will be better for the bill to state just what interest complainants had as heirs-at-law and distributees in the estate of John F. Corcoran. It will thus appear definitely that there was a consideration for the agreement upon which the complainants rely.

In these respects only the demurrer is sustained.

For complainants: Waterman & Greenlaw, C. E. Tilley.

For respondents: P. S. Knauer, J. F. Collins.